IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DIFF SCALE OPERATION RESEARCH, LLC, | : |
| Plaintiff, | : |
| v. | : C.A. No. 19-2109-LPS-CJB |
| MAXLINEAR, INC. and EXAR CORPORATION, | : |
| Defendants. | : |

## MEMORANDUM ORDER

WHEREAS, Magistrate Judge Burke issued an eight-page Report and Recommendation ("Report") (D.I. 22), dated May 7, 2020, recommending that the Court grant Defendants MaxLinear, Inc. and Exar Corporation's (together "Defendants") motion to dismiss (D.I. 10) Plaintiff DIFF Scale Operation Research, LLC's ("Plaintiff") Complaint ("Complaint") (D.I. 1);

WHEREAS, the Report recommended that dismissal be ***without prejudice*** and expressly provided Plaintiff the opportunity to file an amended complaint (Report at 1, 7);

WHEREAS, instead of simply repleading, Plaintiff on May 21, 2020 objected to the Report ("Objections") (D.I. 26), specifically objecting to the Report's conclusion that Plaintiff failed to state a claim of direct patent infringement of United States Patent Nos. 7,881,413 ("the '413 patent") and 6,664,827 ("the '827 patent");[1]

WHEREAS, on June 4, 2020, Defendants responded to the Objections ("Response") (D.I. 29);

---

[1] Judge Burke also recommended the dismissal of the indirect and willful patent infringement claims, as those claims are "predicated on the plausible assertion that the defendants have directly infringed the patents-in-suit." (Report at 3 n.1)

1

WHEREAS, as part of their Response, Defendants pointed out that the Report recommended dismissing the claims without prejudice, "giv[ing] DIFF Scale 14 days' leave to amend its Complaint – a point which MaxLinear did not oppose" (Response at 1);

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see St. Clair Intellectual Prop. Consultants, Inc. v. Matsushita Elec. Indus. Co., Ltd.*, 691 F. Supp. 2d 538, 541-42 (D. Del. 2010); *see also* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3);

**NOW THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objections (D.I. 26) are **OVERRULED**, Judge Burke's Report (D.I. 22) is **ADOPTED**, and Defendants' motion to dismiss (D.I. 10) is **GRANTED**.

1. Plaintiff contends that the Report "fails to properly accept the well-pled facts in the Complaint as true and draw all inferences in DIFF Scale's favor." (Objections at 2) In Plaintiff's view, the Complaint pleads sufficient facts to support its claims, including "the identification of the accused products, the components the accused products are alleged to have, [and] the functions these components perform, [while] also point[ing] to MaxLinear documentation that substantiates these sources." (Objections at 3) (citing Complaint at ¶¶ 38, 40-44, 55 n.15, 61, 66-72, 81 n.16)

2. Judge Burke acknowledged that Plaintiff's Complaint cited to these documents. (Report at 6-7) However, he concluded that Plaintiff did not provide these documents to the Court and failed, in both its Complaint and its briefing, to "explain *why* they render its allegations plausible." (*Id.* at 7) In its Objections, Plaintiff once again points to these same datasheets and other materials describing the accused products – but Plaintiff again fails to explain how they connect the asserted claims to the accused products. (*See* Objections at 3 & n.4) (citing Complaint at ¶¶ 55 n.15, 81 n.16) The Court agrees with Judge Burke, who stated

2

that a plaintiff "need not allege everything it has at this stage, but it just has to explain to the Court why what it has pleaded demonstrates that its belief is plausible." (Report at 6) (internal quotation marks omitted)

3. Plaintiff asserts that its pleadings are sufficient because they provide notice of infringement to Defendants. (Objections at 3) Unlike in the case on which Plaintiff relies, *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017), the Complaint here does not identify who committed the alleged infringement, or where, when, and why the alleged infringement occurred. (*See* Report at 4) (describing Complaint as containing little more than "line-for-line recitation from the asserted patent claim")

4. Plaintiff argues that "[t]he law does not require more than what DIFF Scale's Complaint pleads," citing cases that purportedly support its contention. (*See* Objections at 4-5) (citing *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018); *Super Interconnect Techs. LLC v. Sony Corp.*, 2019 WL 4722677, at *2 (D. Del. Sept. 26, 2019); *AgroFresh Inc. v. Hazel Techs., Inc.*, 2019 WL 1859296, at *2 (D. Del. Apr. 25, 2019); *Promos Techs., Inc. v. Samsung Elecs. Co.*, 2018 WL 5630585 at *4 (D. Del. Oct. 31, 2018)) These cases do not help Plaintiff. For example, in *Super Interconnect Technologies*, while the complaint did not "connect specific components of the . . . accused products to elements of the asserted claims," the complaint's "images of the product, its specifications, and documents that tie the specifications to an industry standard," alongside other elements, resulted in allegations sufficient to state a claim. 2019 WL 4722677 at *2. The situation is not the same here. As another example, in *AgroFresh*, the complaint identified the specific product, the infringed claims, and "***how*** [defendant] purportedly infringes those claims," 2019 WL 185926 at *2 (emphasis added) – while here, again, no similar explanation is provided. *See also Promos*

3

*Techs.*, 2018 WL 5630585 at *4 ("The only description of the circuit in the infringing product is drawn from the claim language; there are no alleged facts stating what the accused products contain that meets the claim limitations.").

5. The Court's decision is based on the totality of failings in the Complaint. The Court does not, and need not, decide if any single one of the distinctions between this case and those cited by Plaintiff, or any single one of the deficiencies the Report identified in Plaintiff's Complaint, would be sufficient on its own to warrant dismissal.

6. As the Court agrees with Judge Burke that Plaintiff did not adequately plead direct infringement, the Court also finds the indirect and willful infringement claims are insufficiently pled.

**IT IS FURTHER ORDERED** that the Report's unopposed recommendation that Plaintiff be provided an opportunity to file an amended complaint (*see* Report at 7; Response at 1) is **GRANTED**. Any amended complaint must be filed no later than **December 15, 2020**. If no timely amended complaint is filed, the Court will dismiss this case.

November 23, 2020  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT COURT

4